others, constitute gross negligence which proximately caused the injuries to Plaintiff. In that regard, Plaintiff seeks exemplary damages in an amount which would punish such Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

### COUNT X.   CLAIM FOR EXEMPLARY DAMAGES / PUNITIVE DAMAGES

138. Plaintiff incorporates all preceding paragraphs as if fully set forth herein and further alleges as follows:

139. As set forth in each and every claim of relief, Plaintiff alleges that the acts and omissions of Defendants whether taken singularly or in combination with others, constitute fraud, reckless disregard for the safety of the public and the Plaintiff, malice, and/or gross neglect for which the Defendants should each be assessed punitive damages in an amount in excess of $10 million ($10,000,000) so as to discourage future acts of such nature.

### XI.   APPLICATION OF THE DISCOVERY RULE

140. The nature of Plaintiff's injuries and the relationship of such injuries to Hormone Replacement Drugs were inherently undiscoverable prior to Defendants' public dissemination of risk information in July of 2002.

141. Accordingly, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiff knew, or through reasonable care and diligence should have known, of her claims against Defendants. Plaintiff did not discover, and through the exercise of reasonable care and due diligence should not and could not have

discovered, their illnesses and injuries or their relationship to the HRT drugs until after July of 2002.

142. Furthermore, prior to July 2002, Plaintiff did not have knowledge of the facts that would lead a reasonably prudent person to make inquiry to discover Defendants' tortious conduct. Plaintiff's suit is filed well within the applicable statute of limitations period under appropriate application of the "discovery rule."

143. In the alternative, the facts of Plaintiff's claims made it impossible for her to discover her injuries and causes of action within the applicable limitations period. Plaintiff filed this lawsuit within the applicable limitations period of the date she knew or through the exercise of reasonable care and due diligence should have known of her claim.

## XII. FRAUDULENT CONCEALMENT

144. Defendants are estopped from asserting a statute of limitations defense because they fraudulently concealed their wrongful conduct from the Plaintiff. First, Defendants had actual knowledge of the defective and dangerous nature of the HRT drugs. Second, Defendants failed to conduct adequate testing on their products to establish safety and efficacy. Third, Defendants had actual knowledge of their misrepresentations, negligence, breach of warranties, and false, misleading, deceptive, and unconscionable conduct. Yet, each of the Defendants continued to perpetuate their wrongful conduct with the intent and fixed purpose of concealing their wrongs from the Plaintiff and the public at large.

145. Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of the facts as alleged herein by all Manufacturing Defendants. Plaintiff has been misled and denied access to vital information essential to the pursuit of these claims, without any fault or lack of diligence on her part. Plaintiff could not reasonably have discovered the dangerous nature of and unreasonable adverse side effects associated with the use of the combination hormone therapy prior to July of 2002, at the earliest.

146. Manufacturing Defendants were under a continuing duty to disclose the true character, quality, and nature of their hormone therapy drugs, including an accurate account of all risk and all benefits. Because of their active concealment of the true character, quality and nature of their hormone therapy drugs, Manufacturing Defendants are estopped from relying on any statute of limitations defense as a bar to Plaintiff's claim.

### XIII. ALTER EGO / CORPORATE LIABILITY/ CIVIL CONSPIRACY

147. At all times herein mentioned, each of the "Defendants" or "Manufacturing Defendants" was the agent, servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other defendants, knowing that their conduct constituted a breach of duty owed to Plaintiff.

148. Defendants entered into a civil conspiracy and agreements whereby they created

an atmosphere of misrepresentations and deceit which allowed each Defendant to sell hormone therapy drugs without adequate warnings to the prescribing physicians and patients.

149. There exists and, at all times herein mentioned, there existed a unity of interest in ownership between certain defendants and other certain defendants such that any individuality and separateness between the certain defendants has ceased and these defendants are the alter ego of the other certain defendants and exerted control over those defendants. Adherence to the fiction of the separate existence of these certain defendants as an entity distinct from other certain defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

150. Barr Pharmaceuticals is the alter ego of Barr Laboratories, Inc. and Duramed Pharmaceuticals in that Barr Pharmaceuticals assisted in all acts of liability, made decisions which created liability for the subsidiary companies and exerted control over the actions and conduct of Barr Laboratories, Inc. and Duramed Pharmaceuticals. These defendants are jointly and severally liable to the Plaintiff for her damages.

151. At all times herein mentioned the defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling HRT medications for the use and ingestion by plaintiff and all other users. As such each Defendant is individually as well as jointly and severally liable to the Plaintiff for the Plaintiff's damages.

152. At all times herein mentioned, the officers and/or directors of the corporate defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products and thereby actively participated in the tortious conduct which resulted in the injuries suffered by Plaintiff.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues as set forth herein.

WHEREFORE, Plaintiff prays for judgment against the Defendants jointly and severally in an amount to compensate Plaintiff fully for her injuries and in an amount above the minimal jurisdictional limits of this Court, for prejudgment and post-judgment interest, for attorney fees if appropriate, for the costs of this action and for such other relief as the Court may deem just and equitable.

DATED this 7th day of October, 2004

Respectfully submitted,

**LITTLEPAGE BOOTH**

*/s/ Zoe Littlepage*

Zoe B. Littlepage #12430050
Federal Bar No. 12896
Joshua H. Brockman, # 24012335
Federal Bar No. 26409
408 Westheimer Road
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2004, a true and correct copy of the foregoing pleading was sent to the undersigned counsel by the means identified for circulation by liaison counsel.

*/s/ Zoe Littlepage*

Zoe Littlepage

**VIA REGULAR MAIL**
**FOR SERVICE ON ALL DEFENSE COUNSEL**
Ms. Lynn Pruitt
Mitchell, Williams, Selig, Gates & Woodyard
425 West Capitol, Suite 1800
Little Rock, Arkansas 72201
DEFENDANTS' LIAISON COUNSEL

**VIA REGULAR MAIL**
John W. Vardaman: jvardaman@wc.com
Lane Heard: lheard@wc.com
Williams & Connolly, LLP
725 12th Street N.W.
Washington, D.C. 20005
NATIONAL COUNSEL FOR WYETH DEFENDANTS

**VIA REGULAR MAIL**
Mr. Jay Mayesh
Ms. L. Karsai
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
NATIONAL COUNSEL FOR PFIZER DEFENDANTS

**VIA REGULAR MAIL**
Ms. Elizabeth Murray
Friday Eldredge & Clark
2000 Regions Center
400 West Capitol
Little Rock, AR 72201-3493
LOCAL COUNSEL FOR PFIZER DEFENDANTS

**VIA REGULAR MAIL**
Matthew Brammer
Joseph Thomas
Ulmer & Berne, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
NATIONAL COUNSEL FOR BARR DEFENDANTS

**VIA REGULAR MAIL**
Glenn W. Jones
BARBER, MCCASKILL, JONES & HALES, P.A.
400 W. Capitol, suite 2700
Little Rock, AR 72201
LOCAL COUNSEL FOR BARR DEFENDANTS

**VIA REGULAR MAIL**
Alan Vickery
Sedgwick, Detert, Moran & Arnold, LLP
1717 Main Street, Suite 5400
Dallas, Texas 75202
NATIONAL COUNSEL FOR BRISTOL – MYERS DEFENDANTS

54

**VIA REGULAR MAIL**
M. Samuel Jones
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
LOCAL COUNSEL FOR BRISTOL – MYERS DEFENDANTS

**VIA REGULAR MAIL**
Linda Svitak
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
NATIONAL COUNSEL FOR NOVARTIS DEFENDANTS

**VIA REGULAR MAIL**
Beth Deere
Williams & Anderson, PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
LOCAL COUNSEL FOR NOVARTIS DEFENDANTS

**VIA REGULAR MAIL**
Susan Sharko
Drinker, Biddle & Reath
500 Campus Drive
Florham Park, NJ 07932
NATIONAL COUNSEL FOR BERLEX, INC.

# Littlepage & Booth

**Houston Office**
408 Westheimer Street
Houston, Texas 77006
(713) 529-8000
(713) 529-8044 - Facsimile

www.littlepagebooth.com

Toll Free 1-888-254-8442

*Please Reply to Houston*

**Florida Office**
331 East Romana Street
Pensacola, Florida 32501
(850) 432-1500
(850) 432-1505 - Facsimile

October 7, 2004

**Via Hand Delivery**
U.S. District Court Clerk's Office
U.S. Post Office & Courthouse
600 West Capitol, #402
Little Rock, AR 72201-3325

  Re: *In re Prempro* MDL 1507
    AND
    *Barbara Urquiza v. Wyeth, Et Al.*

Dear Sir / Madam:

  This case is part of the *In re Prempro* MDL 1507 litigation pending before Judge William Wilson. This filing is made pursuant to Judge William Wilson's "*Order Severing and Transferring Multi-Plaintiff suits*" dated August 31, 2004. This Plaintiff was originally filed on the *Patricia Burridge, Et Al. v. Wyeth, Et Al.* complaint, Cause Number 4-04-CV-00528-WRW. Judge Wilson has ordered that Plaintiff, Barbara Urquiza's case be severed from the *Patricia Burridge, Et Al. v. Wyeth, Et Al.* complaint. Payment is thus being made to create a new case file for this Plaintiff.

  Please find enclosed the following materials for filing with the court:

1. **Plaintiff Barbara Urquiza's Complaint and Notice of Severance of Claim**

2. **Firm check in the amount of $150.00 in payment for creating a new case file**

  Please file this Complaint, assign a new cause number to this Complaint and return a file-stamped copy of the Complaint in the enclosed self-addressed and stamped envelope.

I have mailed a copy of this pleading to all counsel listed on the certificate of service of the Complaint by the method identified in the certificate of service.

Sincerely

**LITTLEPAGE BOOTH**

Zoe Littlepage