Novartis denies the remaining allegations in paragraph 95 of the Complaint to the extent that they might be construed to relate to Novartis.

96.    Novartis denies the allegations of paragraph 96 insofar as they assume or assert adverse effects of Novartis' hormone therapy products.    Novartis states that the product labeling and warnings for its hormone therapy products speak for themselves and any attempt to characterize them is denied.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 directed to other defendants and the allegations are therefore denied.    Novartis denies the remaining allegations in paragraph 96 of the Complaint to the extent that they might be construed to relate to Novartis.

97.    Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 97 of the Complaint to the extent that they might be construed to relate to Novartis.

98.    Novartis denies the allegations of paragraph 98 insofar as they assume or assert adverse effects of Novartis' hormone therapy products.    Novartis further states that the FDA-approved labeling for its hormone therapy products speaks for itself and any attempt by the plaintiff to characterize said labeling is denied.  Answering further, Novartis denies plaintiff's characterizations of its statements and actions.    Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 98 of the Complaint to the extent that they might be construed to relate to Novartis.

99.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to compensatory or punitive damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 99 of the Complaint to the extent that they might be construed to relate to Novartis.

100.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to punitive damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 100 of the Complaint to the extent that they might be construed to relate to Novartis.

## COUNT IV. NEGLIGENT MISREPRESENTATIONS

101.    Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

102.    Novartis denies the allegations in paragraph 102 of the Complaint insofar as they assume or assert adverse effects of its hormone therapy products. Novartis further states that the FDA-approved labeling for its hormone therapy products speaks for itself and any attempt to characterize it is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 102 of the Complaint to the extent that they might be construed to relate to Novartis.

103.    Novartis states that it complied with all duties defined by law and denies plaintiff's characterizations of such duties.  Novartis further denies plaintiff's attempts to characterize its actions and statements. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations contained in paragraph 103 of the Complaint to the extent that they might be construed to relate to Novartis.

104.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to compensatory or punitive damages.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 104 of the Complaint to the extent that they might be construed to relate to Novartis.

105.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to punitive damages.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 105 of the Complaint to the extent that they might be construed to relate to Novartis.

## COUNT V.   <u>BREACH OF EXPRESS WARRANTY</u>

106.    Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

107.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis further states that any writings or statements to which the plaintiff might refer speak for themselves, and any attempt to characterize them is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations contained in paragraph 107, and its subparts (i) through (vi), of the Complaint to the extent that they might be construed to relate to Novartis.

108.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis states that it manufactured and sold hormone therapy products in interstate commerce in accordance with their FDA-approved prescribing information and subject to the warnings, precautions, and contraindications stated therein. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 108 of the Complaint to the extent that they might be construed to relate to Novartis.

109.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis states that its FDA-approved product labeling speaks for itself and any attempt to characterize it is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 109 of the Complaint to the extent that they might be construed to relate to Novartis.

110.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 110 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations contained in paragraph 110, and its subparts (i) through (iii), of the Complaint to the extent that they might be construed to relate to Novartis.

111.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to punitive damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 111 of the Complaint to the extent that they might be construed to relate to Novartis.

112.    Novartis denies plaintiff's characterizations of its statements and actions. Novartis denies that the plaintiff is entitled to punitive damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 112 of the Complaint to the extent that they might be construed to relate to Novartis.

## COUNT VI.  **BREACH OF IMPLIED WARRANTY**

113.    Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

114.    Novartis denies plaintiff's characterizations of its actions and statements. Novartis denies the allegations in paragraph 114 insofar as they assume or assert adverse effects of its hormone therapy products. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114

directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 114 of the Complaint to the extent that they might be construed to relate to Novartis.

115.    Novartis denies that its alleged conduct caused plaintiff's damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 115 of the Complaint to the extent that they might be construed to relate to Novartis.

## COUNT VII. **INTENTIONAL MISREPRESENTATIONS AND FRAUD**

116.    Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

117.    Novartis states that it complied with all duties defined by law and denies plaintiff's characterizations of such duties. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 117 to the extent that they might be construed to relate to Novartis.

118.    Novartis states that any advertisements to which the plaintiff might refer speak for themselves and any attempt to characterize them is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 118 of the Complaint to the extent that they might be construed to relate to Novartis.

119.    Novartis denies plaintiff's characterizations of its actions and statements. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 119 of the Complaint to the extent that they might be construed to relate to Novartis.

120.    Novartis denies plaintiff's characterizations of its actions and statements. Novartis states that any writings to which the plaintiff might refer speak for themselves, and therefore any attempt to characterize them is denied. Novartis denies the allegations of paragraph 120 of the Complaint insofar as they assume or assert adverse effects of its hormone therapy products.    Novartis further denies that it made any false statements or misrepresentations regarding its hormone therapy products.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 120 of the Complaint to the extent that they might be construed to relate to Novartis.

121.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis further states that any writings to which the plaintiff might refer speak for themselves and any attempt to characterize them is denied.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 121 of the Complaint to the extent that they might be construed to relate to Novartis.

30

122.   Novartis states that any publications to which the plaintiff might refer, speak for themselves and any attempt by the plaintiff to characterize said publications is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 122 of the Complaint to the extent that they might be construed to relate to Novartis.

123.   Novartis denies plaintiff's characterizations of its actions and statements. Novartis states that any writings or advertisements to which the plaintiff might refer speak for themselves and any attempt to characterize them is denied. Novartis further states that its hormone therapy products were marketed for use in accordance with their FDA-approved prescribing information and subject to all warnings, precautions, and contraindications stated therein. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 123 to the extent that they might be construed to relate to Novartis.

124.   Novartis states that any writings or advertisements to which the plaintiff might refer speak for themselves and any attempt to characterize them is denied. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 124 to the extent that they might be construed to relate to Novartis.

125.   Novartis states that the independent studies to which the plaintiff might refer speak for themselves and any attempt by the plaintiff to characterize them is denied.

31

Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

126.    Novartis denies the allegations of paragraph 126 of the Complaint insofar as they assume or assert adverse effects of its hormone therapy products. Novartis denies plaintiff's characterizations of its actions and statements.  Novartis further states that the FDA-approved labeling for its hormone therapy products speaks for itself and any attempt to characterize it is denied.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 126 of the Complaint to the extent that they might be construed to relate to Novartis.

127.    Novartis denies plaintiffs characterizations of its actions and statements. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint as they relate to the plaintiff, her physician, or other defendants.    Novartis denies the remaining allegations in paragraph 127 of the Complaint to the extent that they might be construed to relate to any wrongful conduct by Novartis.

## COUNT VII. VIOLATIONS OF STATE CONSUMER FRAUD ACT

128.    Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

129.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis denies making any misrepresentations about its hormone therapy products. Novartis denies that plaintiff's alleged injuries are the result of Novartis' conduct.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 129 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 129 of the Complaint to the extent that they might be construed to relate to Novartis.

130.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis denies participating in any unfair or deceptive trade practices. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 130 of the Complaint to the extent that they might be construed to relate to Novartis.

131.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 131 of the Complaint to the extent that they might be construed to relate to Novartis.

132.    Novartis denies that it is responsible for the plaintiff's alleged injuries. Novartis denies that the plaintiff is entitled to any compensation, specifically attorneys fees and expenses. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 132 of the Complaint to the extent that they might be construed to relate to Novartis.

### COUNT VIII.    GENERAL DAMAGES

133.    Novartis denies that its actions have caused plaintiff's alleged injuries. Novartis is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 133 as they relate to the plaintiff or other defendants. Novartis denies the remaining allegations in paragraph 133 of the Complaint to the extent that they might be construed to relate to Novartis.

134. Novartis denies that its hormone therapy products caused any injuries the plaintiff may have suffered. Novartis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 of the Complaint.

## COUNT IX. **GROSS NEGLIGENCE**

135. Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

136. Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 136 of the Complaint to the extent that they might be construed to relate to Novartis.

137. Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis denies that plaintiff is entitled to exemplary damages. Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 137 of the Complaint to the extent that they might be construed to relate to Novartis.

## COUNT X. **CLAIM FOR EXEMPLARY DAMAGES/PUNITIVE DAMAGES**

138. Novartis incorporates by reference all other paragraphs of this Answer as if fully set forth herein.

139.   Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis denies that the plaintiff is entitled to punitive damages.   Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 directed to other defendants and the allegations are therefore denied.   Novartis denies the remaining allegations in paragraph 139 of the Complaint to the extent that they might be construed to relate to Novartis.

## XI.   APPLICATION OF THE DISCOVERY RULE

140.   The allegations in paragraph 140 of the Complaint state a legal conclusion to which no response is required and the allegations are therefore denied.   Novartis denies that its hormone therapy products caused plaintiff's injuries.

141.   The allegations in paragraph 141 of the Complaint state a legal conclusion to which no response is required and the allegations are therefore denied.   Novartis denies that its hormone therapy products caused plaintiff's injuries.   Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 directed to other defendants and the allegations are therefore denied.   Novartis denies the remaining allegations in paragraph 141 of the Complaint to the extent that they might be construed to relate to Novartis.

142.   The allegations in paragraph 142 of the Complaint state a legal conclusion to which no response is required and the allegations are therefore denied.

143.   The allegations in paragraph 143 of the Complaint state a legal conclusion to which no response is required and the allegations are therefore denied.

## XII.   FRAUDULENT CONCEALMENT

144.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis also states that plaintiff's allegations state a legal conclusion to which no response is required, and the allegations are therefore denied.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 144 of the Complaint to the extent that they might be construed to relate to Novartis.

145.    The allegations in paragraph 145 of the Complaint state a legal conclusion to which no response is required and the allegations are therefore denied. Novartis denies plaintiff's attempts to characterize its actions and statements.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 145 of the Complaint to the extent that they might be construed to relate to Novartis.

146.    Novartis states that its duties are defined by law and any attempt to characterize such duties is denied.  Novartis denies plaintiff's attempts to characterize its actions and statements.  Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 directed to other defendants and the allegations are therefore denied.  Novartis denies the remaining allegations in paragraph 146 of the Complaint to the extent that they might be construed to relate to Novartis.

## XIII.  ALTER EGO/CORPORATE LIABILITY/CIVIL CONSPIRACY

147.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis denies breaching any duty stated by law.  Novartis further states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 147 of the Complaint to the extent that they might be construed to relate to Novartis.

148.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis states that it manufactured and sold hormone therapy products in interstate commerce in accordance with their FDA-approved prescribing information and subject to the warnings, precautions, and contraindications stated therein. Novartis further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 148 of the Complaint to the extent that they might be construed to relate to Novartis

149.    Novartis denies plaintiff's attempts to characterize its actions and statements. Novartis further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 149 of the Complaint to the extent that they might be construed to relate to Novartis.

150.    Novartis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 as they relate to other defendants, and the allegations are therefore denied.

151.    Novartis states that it manufactured and sold hormone therapy products in interstate commerce in accordance with their FDA-approved prescribing information and subject to the warnings, precautions, and contraindications stated therein. Novartis denies

plaintiff's attempts to characterize its actions and statements. Novartis further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 directed to other defendants and the allegations are therefore denied. Novartis denies the remaining allegations in paragraph 151 of the Complaint to the extent that they might be construed to relate to Novartis.

152.    Novartis denies the allegations in paragraph 152 of the Complaint insofar as they assume or assert adverse effects of Novartis' hormone therapy products.  Novartis denies plaintiff's attempts to characterize its actions and statements.  Novartis denies that its hormone therapy products caused plaintiff's alleged injuries.  Novartis further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 directed to other defendants.  Novartis denies the remaining allegations in paragraph 152 that to the extent that they might be construed to relate to Novartis.

## XIV.  **AFFIRMATIVE DEFENSES**

153.    Plaintiff's Complaint, in whole or in part, fails to state a claim against Novartis for which relief can be granted because Novartis does not manufacture or market a generic estrogen or generic MPA products.

154.    The promotion of Novartis' hormone therapy products is protected by the First Amendment of the United States Constitution and similar provisions in Massachusetts and other applicable state constitutions.

155.    The injuries and damages of which the plaintiff complains were caused by or contributed to by the negligence and other acts and/or omissions of the plaintiff and of persons other than Novartis and are completely unrelated to any act or omission on the part of Novartis.

156.    The injuries to the plaintiff were not proximately caused by any acts or omissions of Novartis.    The injuries to the plaintiff were proximately caused by the superseding and intervening acts of persons other than Novartis.

157.    The injuries to the plaintiff were proximately caused by the misuse, abuse, assumption of the risk, alteration, and/or failure to properly utilize, maintain or care for Novartis hormone replacement therapy products by persons other than Novartis.

158.    Plaintiff's claims are barred by the Learned Intermediary Doctrine.

159.    The hormone therapy products that the plaintiff alleges in the Complaint to be defective are pharmaceutical products which met standards of the state of the art and the state of medical and scientific knowledge at the time of their manufacture to the extent of the knowledge then available to the medical community.

160.    Plaintiff's claims are barred under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations and policies in violation of the Supremacy Clause of the Constitution of the United States of America.

161.    At all times, Novartis' hormone therapy products were manufactured and sold in compliance with Federal and State regulations promulgated by agencies responsible for the safety or use of the products and, accordingly, said products are deemed to be reasonably safe.

162.    At all times relevant herein, there was no practical or feasible alternative design for Novartis' hormone therapy products.    Novartis further alleges that its hormone therapy products were and are reasonably safe.    At all times relevant herein, the warnings,

instructions and labels furnished with its hormone therapy products were in conformity with the generally recognized standards in the industry at the time the product was distributed.

163.    At all times, Novartis' product labeling for its hormone therapy products was in conformity with the requirements of the United States Food and Drug Administration and its rules and regulations.

164.    Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her damages.

165.    Novartis is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Novartis is entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on such settlement.

166.    Novartis denies that the plaintiff is entitled to recover exemplary or punitive damages in this case since the manufacturing, design and marketing of the subject product by Novartis demonstrated reasonable care, but if punitive damages are awarded, they are limited pursuant to the laws of the State of Massachusetts.

167.    Novartis denies that the plaintiff is entitled to recover exemplary or punitive damages in this case as such result would be in violation of the constitutional safeguards provided to Novartis under the Constitution of the State of Massachusetts, the due process clause of the Fourteenth Amendment of the United States Constitution, the constitutional protection and prohibitions against double jeopardy set forth in the Fifth Amendment of the United States Constitution, and such result may amount to an unconstitutionally excessive fine in violation of the Eighth Amendment and due process clause of the Fourteenth Amendment of the United States Constitution.

168.    The plaintiff is barred from recovery under the doctrine of assumption of risk.

169.    If the plaintiff suffered injuries and damages by reason of operation of nature or idiosyncratic reaction to the hormone therapy products used either alone or in combination with any other drug, Novartis is not liable.

170.    Plaintiff's claims of product defect, if any, are or may be barred by Section 4 of the Restatement (Third) of Torts: Products Liability, because Novartis' hormone therapy products complied with applicable product safety statutes and administrative regulations.

171.    Plaintiff's claims are barred by Sections 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.    Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with hormone therapy products would have prescribed and did prescribe hormone therapy products for classes of patients.    In addition, Novartis provided reasonable instructions or warnings to prescribing physicians.

172.    Plaintiff's Complaint is barred by operation of the applicable statute of limitations or statute of repose, and by the doctrines of laches and estoppel.

173.    Plaintiff's allegations of fraud and misrepresentation are not plead with the required specificity and must be dismissed.

174.    Novartis extended no warranties, express or implied, to the plaintiff herein. Moreover, there is no privity between Novartis and the plaintiff.    Further, if any such warranty existed, which is specifically denied, the plaintiff did not rely upon any such warranty and failed to notify Novartis of any alleged breach thereof, as required by law, and to the extent any implied warranties existed, they were effectively disclaimed, limited, or excluded, or have expired.

41

175.    Novartis hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case, and Novartis hereby reserves the right to amend its answer to assert any such defense.

## XIV.  **JURY DEMAND**

176.    Novartis hereby demands a trial by jury of all issues as set forth herein.

WHEREFORE, defendant Novartis Pharmaceuticals Corporation, prays that the plaintiff take nothing by her Complaint, and that defendant Novartis Pharmaceuticals Corporation, be awarded its costs of court herein expended, and that it have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,
Novartis Pharmaceuticals Corporation,
By its attorneys,


*Colleen M. Hennessey*

Mary Morrissey Sullivan, BBO# 487100
Colleen M. Hennessey, BBO# 559235
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, Massachusetts 02110
Telephone: 617.951.2100

OF COUNSEL:

**FAEGRE & BENSON LLP**

James A. O'Neal, #8248X
Linda S. Svitak, #178500
John P. Borger, #9878
Amy R. Freestone, #285493
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: 612.766.7000

Dated: December 22, 2004

Civil Action No. 04-CV-12247-DPW

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to counsel of record by first-class mail, postage pre-paid, on this 22nd day of December 2004.

Civil Action No. 04-CV-12247-DPW